UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RUSSELL JONES,**

      **Plaintiff,**

  v.                                      Civil Action 2:25-cv-1336
                                          Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Chelsey M. Vascura

**DELAWARE COUNTY CHILD
SUPPORT ENFORCEMENT AGENCY,**
*et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Russell Jones, an Ohio resident proceeding without the assistance of counsel, sues Delaware County, Ohio, as well as its Child Support Enforcement Agency ("CSEA") and several County officials in connection with allegedly improper enforcement of Plaintiff's child support obligations. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons

below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. The undersigned further **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining state-law claims **WITHOUT PREJUDICE** to re-filing in state court. The undersigned further **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction (ECF No. 2).

## I. STANDARD OF REVIEW

**A.      Failure to State a Claim**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

2

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.      Lack of Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of some of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.      ANALYSIS

Plaintiff alleges that he has been deprived of liberty and property as a result of the procedurally improper enforcement of Plaintiff's child support obligations. He alleges that the original order for child support in 2002 was obtained via a fraudulent affidavit by individuals who are not parties to this action, that Plaintiff was not properly served with notices or orders, that Plaintiff was incarcerated license on multiple occasions and subject to garnishments and loss of his driver's based on fraud-tainted administrative orders and defective process, and that he was denied access to the courts when the Delaware County Clerk of Court refused to docket his submissions. He advances twelve causes of action: seven that assert the violation of his federal constitutional rights under 42 U.S.C. § 1983, one for declaratory and injunctive relief under both

4

federal state law, and four additional claims under state law. Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages. (Compl., ECF No. 1-1.)

All of Plaintiff's federal claims must be dismissed. As a threshold matter, to the extent that Plaintiff's claims rest on errors made by Ohio state courts, those claims are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up). So far as state-court judgments are the source of Plaintiff's injury, *Rooker-Feldman* bars his claims even though he alleges procedural and not substantive errors by the Court. *See Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) ("[I]f this court construes *Rooker–Feldman* to allow attacks on a state court's procedural error, then federal courts could extensively review state court trial proceedings, a task belonging to state appellate courts. Therefore, we reject Plaintiffs' argument that they were not directly attacking the state court judgment.").

5

Even if the Court were to construe Plaintiff's allegations to fall outside the *Rooker-Feldman* bar, Plaintiff still fails to state any claims under § 1983. First, Plaintiff fails to state a claim against either Delaware County or Delaware County CSEA. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff alleges only that the pattern of constitutional violations he has suffered at the hands of (largely unspecified) County officials means that Delaware County must have had a policy or custom of violating constitutional rights. But Plaintiff offers no *facts* on which this Court could rely to plausibly infer that the individual officials' allegedly unlawful conduct was the result of a County custom or policy (as opposed to the misconduct of an individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp.

6

3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). Accordingly, any claims against the Delaware County and Delaware County CSEA must be dismissed.

Next, Defendants Randall Fuller (a Delaware County judge) and Jamie Allen (a Delaware County magistrate) are entitled to absolute immunity from civil liability. Judges are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Plaintiff's Complaint states in a conclusory fashion that Fuller and Allen are sued only for non-judicial or administrative acts that do not fall within the scope of judicial immunity; however, the Complaint contains no factual allegations whatsoever as to what actions Defendants Fuller and Allen actually took. Plaintiff therefore offers no plausible allegations on which this Court could rely to conclude that the exceptions to judicial immunity apply to the state-court judges he names. Accordingly, Plaintiff's claims against Fuller and Allen must be dismissed.

Plaintiff's claims against Defendant Natalie Fravel, Delaware County Clerk of Court, also fail. The only allegations related to Fravel are that she (or her staff) refused to docket unspecified documents that Plaintiff attempted to file with the Delaware County court. But the Complaint also attaches a letter from Fravel explaining that Plaintiff's submissions were rejected because he failed to pay the necessary filing fee or submit a classification form required by the court's local rules. (*See* ECF No. 1-1, PAGEID #29.) The letter further invited Plaintiff to correct the noted deficiencies and resubmit his filings. (*Id.*) The undersigned can discern no constitutional violation based on this conduct.

7

Similarly, as to Defendant Jack Daniels, Plaintiff alleges only that Daniels impersonated a deputy of the Delaware County Sheriff's Office while serving Plaintiff with process at an address at which Plaintiff did not reside. Plaintiff appears to believe that because Daniels served him with process related to child support proceedings under a Title IV-D cooperative arrangement, Daniels must have been acting as "not a sworn deputy but a process-serving contractor." (*See* Russell Aff. ¶ 18, ECF No. 1-1, PAGEID #53.) But Plaintiff does not allege any facts that would plausibly suggest that Daniels was not also a sheriff's deputy at the time he served process on Plaintiff. Moreover, Plaintiff alleges that service was made at an improper address; but Plaintiff's affidavit establishes that he was present at the location when Daniels effected service and received actual notice of the documents in question, even if Plaintiff did not reside at that location. Again, the undersigned can discern no constitutional violation based on this conduct.

As to Plaintiff's claims against the remaining Defendants, Tanya Kidd and John/Jane Does 1–10, those claims must be dismissed for failure to allege that these Defendants were personally involved in Plaintiff's injuries. To prevail on a § 1983 claim, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To establish the second element, a plaintiff must show "personal involvement" by the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Although these Defendants are named in the caption of Plaintiff's Complaint, Plaintiff's allegations do not mention them, and therefore, he has not plausibly alleged that they were personally involved in the deprivation of his rights.

In sum, Plaintiff has failed to state any federal claims against any of the Defendants. The undersigned therefore recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for abuse of process, malicious prosecution, false imprisonment, fraud & civil conspiracy, and declaratory and injunctive relief under the Ohio constitution. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's state-law claims fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims under Ohio common law and the Ohio Constitution pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that he and Defendants are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his state-law claims. Because the undersigned is recommending

9

dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to re-filing in state court.

Finally, because the undersigned recommends dismissal of Plaintiff's Complaint in its entirety, the undersigned also recommends that Plaintiff's Motion for Preliminary Injunction (ECF No. 2) be denied.

### III. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons above, the undersigned **RECOMMENDS** that Plaintiff's federal claims in his be **DISMISSED** for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted, and that Plaintiff's remaining state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court. The undersigned further **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction (ECF No. 2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE