**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RUSSELL JONES,**

      **Plaintiff,**

      **v.**                      **Case Number 2:25-cv-1336**
                                  **JUDGE EDMUND A. SARGUS, JR.**
**DELAWARE COUNTY CHILD SUPPORT**  **Magistrate Judge Chelsey M. Vascura**
**ENFORCEMENT AGENCY, *et al.*,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 4.) After reviewing Plaintiff Russell Jones's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommends that Plaintiff's federal claims be dismissed for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted, Plaintiff's remaining state-law claims be dismissed without prejudice to re-filing in state court, and Plaintiff's Motion for Preliminary Injunction (ECF No. 2) be denied. (ECF No. 4.) Plaintiff filed a timely Objection to the Order and Report and Recommendation. (ECF No. 5.) Plaintiff also filed a letter in support of his Objection. (ECF No. 6, PageID 195–97.)

For the reasons below, the Court **OVERRULES** Plaintiff's Objection (ECF No. 5) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 4). The Court further **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 2).

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, sued Delaware County, Ohio, the Delaware County Child Support Enforcement Agency ("CSEA"), and several Delaware County officials in connection with Plaintiff's child support obligations. (ECF No. 3.) As explained by

the Magistrate Judge, Plaintiff alleges that he has been deprived of liberty and property due to the improper enforcement of his child support obligations. (*Id.*; ECF No. 4, PageID 154–55.) Plaintiff advances twelve causes of action: seven that assert the violation of federal constitutional rights under 42 U.S.C. § 1983, one for declaratory and injunctive relief under both federal and state law, and four additional claims under state law. (ECF No. 3.) Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages. (*Id.*)

The Magistrate Judge reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and recommends that the Court (1) dismiss Plaintiff's federal claims for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted, (2) dismiss Plaintiff's remaining state-law claims without prejudice to re-filing in state court, and (3) deny Plaintiff's Motion for Preliminary Injunction. (ECF No. 4.) On January 2, 2026, Plaintiff filed an Objection to the Magistrate Judge's Order and Report and Recommendation (ECF No. 5) and a Motion for Leave to Amend Complaint (ECF No. 6).

The Court granted Plaintiff's Motion for Leave to Amend and ordered Plaintiff to file an Amended Complaint by January 12, 2026. (ECF No. 7.) Plaintiff did not comply with that deadline, so the Court issued another Order instructing Plaintiff to file an Amended Complaint by January 29, 2026. (ECF No. 8.) The Court explained that if Plaintiff did not comply, the Court would presume Plaintiff intends to rely on his original Complaint and proceed to rule on Plaintiff's Objection. (*Id.*) To date, Plaintiff has not filed an Amended Complaint. Therefore, Plaintiff's Objection to the Magistrate Judge's Order and Report and Recommendation is ripe for review.

**LEGAL STANDARD**

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims *sua sponte. Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**ANALYSIS**

The Court has conducted a *de novo* review and carefully considered the record, the Order and Report and Recommendation issued by the Magistrate Judge (ECF No. 4), and Plaintiff's Objection (ECF No. 5). The Court finds no error in the Magistrate Judge's conclusions or reasoning and Plaintiff's Objection provides no basis to conclude otherwise.

The Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's federal claims for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. (ECF No. 4, PageID 155–160.) As the Magistrate Judge explained, to the extent

Plaintiff's federal claims are based on alleged errors made by Ohio state courts, they are barred by the *Rooker-Feldman* doctrine and, even if the claims fell outside the *Rooker-Feldman* bar, they fail because Plaintiff has not plausibly alleged (1) that *Monell* liability applies such that Delaware County and Delaware County CSEA may be held liable, (2) that exceptions to judicial immunity apply such that Defendants Randall Fuller (a Delaware County judge) and Jamie Allen (a Delaware County magistrate) may be held liable, (3) that Defendants Natalie Fravel and Jack Daniels engaged in unconstitutional conduct, or (4) that the remaining Defendants—Tanya Kidd and John/Jane Does 1–10—were personally involved in his injuries. (*Id.*) The Court further agrees with the Magistrate Judge's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3) and dismiss those claims without prejudice to re-filing in state court, and deny Plaintiff's Motion for Preliminary Injunction given the dismissal of Plaintiff's Complaint in its entirety. (ECF No. 4, PageID 159–160.)

For the reasons set forth in the Order and Report and Recommendation, which are incorporated by reference herein, the Court overrules Plaintiff's Objection.

**CONCLUSION**

Accordingly, the Court **OVERRULES** (ECF No. 5) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 4) the Magistrate Judge's Order and Report and Recommendation. The Court **DISMISSES** Plaintiff's federal claims and **DISMISSES without prejudice** to re-filing in state court Plaintiff's state-law claims. The Court **DENIES** (ECF No. 2) Plaintiff's Motion for Preliminary Injunction.

4

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Order to Plaintiff Russell Jones at 12540 Chambers Road, Sunbury, Ohio 43074.

        **IT IS SO ORDERED.**

**4/9/2026**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**